# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| JACQUELINE PILOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: No. _____ |
| v. ) | |
| ) | |
| The Honorable PETE BUTTIGIEG, ) | |
| Secretary of Transportation, ) | |
| 1200 New Jersey Ave., S.E. ) | **COMPLAINT** |
| Washington, DC 20590, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Jacqueline Pilot, by her attorney Anne T. Sulton, brings this action against Defendant Pete Buttigieg, Secretary of the United States Department of Transportation. Ms. Pilot seeks relief for unlawful employment discrimination in violation of: 1) 42 U.S.C. Section 2000e, *et seq.* (Title VII) for race and sex discrimination; 2) the Age Discrimination in Employment Act (ADEA); and 3) Title VII and the ADEA for retaliation for previously having filed an employment discrimination complaint.

**JURISDICTION AND VENUE**

1.  This court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), as these claims for monetary damages and other relief arise under the laws of the United States, including Title VII and the ADEA.

2.  This Court is the proper venue for this action because Ms. Pilot's claims arise in Kansas City, Missouri, which is within this Court's geographical boundaries.

1

3. All conditions precedent to bringing this action are fulfilled or have otherwise occurred, and this action is timely commenced. Ms. Pilot received the Final Agency Decision on February 2, 2023.

## PARTIES

4. At all times material hereto, Plaintiff Jacqueline Pilot was employed by the Federal Aviation Administration (FAA) as the Acting Air Traffic Manager (ATM) in Kansas City, Missouri at the FAA's facility known as MKC. MKC is the Kansas City Downtown Air Traffic Control Tower. Ms. Pilot is African American, female, and over 40 years of age, being born in 1962.

5. Defendant Pete Buttigieg currently is the Secretary of the United States Department of Transportation (DOT) and is sued in his official capacity. As DOT Secretary, he is responsible for employment policies, practices, and procedures of all Agencies within the DOT. The FAA is an Agency within the DOT.

## ALLEGATIONS OF FACT FOR ALL CAUSES OF ACTION

6. In 1987, Ms. Pilot begins working for the FAA.

7. From 1991 to 2017, she applies for and is selected to several promotional positions, including but not limited to Air Traffic Support Specialist; Operational Supervisor; Kansas City District Support Specialist for Plans and Procedures, Training and Quality Assurance; and Supervisory Air Traffic Specialist at the Headquarters level.

8. In 2017, Ms. Pilot files an EEO discrimination complaint.

9. Daniel Needham, one of Ms. Pilot's supervisors, is a subject of this 2017 EEO discrimination complaint. Mr. Needham is aware of this complaint and has actual knowledge of it.

10. Ms. Pilot's 2017 EEO complaint is resolved via mediation.

11. In 2018, Ms. Pilot is selected to serve as the Acting MKC ATM.

12. Ms. Pilot's written job performance evaluations, while working as Acting MKC ATM, shows she is rated as "exceeds". "Exceeds" means she is exceeding expectations as she satisfactorily performs all her job duties.

13. In or about March 2020, the FAA advertises via USAJobs that it is seeking to hire a permanent MKC ATM. The permanent MKC ATM position is advertised under Vacancy Announcement No. ANMATO-20-0997557-6738.

14. The FAA uses an objective merit principle system for promotions to permanent positions.

15. In March 2020, Ms. Pilot applies for the permanent MKC ATM position.

16. About a dozen persons from across the USA apply for the permanent MKC ATM position.

17. Mr. Needham is the selecting official for the permanent MKC ATM position.

18. Mr. Needham knows that Ms. Pilot applies for the permanent MKC ATM position.

19. Mr. Needham then selects three persons to review applications submitted for the MKC ATM position.

20. These three persons examine and evaluate the dozen or so applications using the FAA's objective merit principle system. For example, they assign points for experience working for the FAA – persons with the most experience receive the most points on this criterion.

21. Ms. Pilot's application receives the highest number of points on all selection criteria using the FAA's objective merit principle system.

22. Applicants receiving the highest number of points, on all selection criteria using the FAA's objective merit principle system, are invited for interviews.

23. In April 2020, Ms. Pilot is among those applicants invited for an interview.

24. Mr. Needham selects the six interview questions.

25. The interview questions selected are not aligned with the advertised job announcement. These questions do not focus on the most essential job functions of an ATM. For example, none of the interview questions addresses safety issues or working with the public sector (military) or private sector (airlines and airport managers).

26. The interview questions selected focus solely on subjective factors. For example, "***Question 4 (Developing Others):*** Share an example of how you have identified the career goals of a direct report and then intentionally and proactively encouraged and supported that person's development. What actions did you take? What was the result of your efforts?"

27. Ms. Pilot scores enough points on both the objective and subjective criteria for her name's inclusion on the list of applicants "highly recommended".

28. Mr. Needham holds a Zoom conference call with the three persons selected to review the applications.

29. A decision is made to "weight" the points assigned.

30. Only 10% weight is assigned for points awarded on the FAA's objective merit principle system portion of the evaluation of the applications. This is the portion wherein Ms. Pilot receives the highest number of points of all applicants for this position.

31. A weight of 60% of the total "score" is assigned for points awarded on the subjective interview portion of the evaluations of the applications. This is the portion wherein Ms. Pilot receives a lower number of points.

32. A weight of 30% is assigned for points awarded for "manager's recommendation". Ms. Pilot's manager provides a positive written recommendation.

33. Ms. Pilot is not selected for the permanent MKC ATM position.

34. In June 2020, Mr. K.P. is selected for the permanent MKC ATM position.

35. Mr. K.P. is a white male, younger than Ms. Pilot, has not filed an EEO complaint, and far less qualified for the permanent MKC ATM position than is Ms. Pilot.

36. On the FAA's objective merit principle system portion of the evaluation, i.e., the "candidate scoring sheet", Ms. Pilot receives 49 points and Mr. K.P. receives 30 points.

37. Mr. K.P. works as the permanent MKC ATM for less than one year before he quits and moves back to the southern state in which he previously had resided.

38. Of the 19 people hired as permanent ATMs in this FAA district, not one is an African American female and all are younger than Ms. Pilot.

## FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII
## RACE AND SEX DISCRIMINATION

39. All previous paragraphs are restated here and incorporated herein by reference.

40. Title VII prohibits employment discrimination based upon race and sex.

41. To establish a *prima facie* case of employment discrimination based upon her race and sex, Ms. Pilot must and does show:

 a) she is a member of a protected class – she is an African American female;

 b) she was qualified for the position – she was satisfactorily performing her job duties as Acting MKC ATM and was among those labelled "highly recommended" because of her qualifications;

 c) she suffered an adverse employment action – she was not selected for the permanent MKC ATM position; and

 d) the adverse action occurred under circumstances giving rise to an inference of discrimination.

42. As it relates to **d** above, Ms. Pilot shows that the selection process was manipulated by Mr. Needham in such a way as to undermine the FAA's objective merit principle system of

selecting applicants for permanent positions. More weight was assigned to subjective factors not aligned with the essential functions of the job.

43. Also, as it relates to **d** above, Ms. Pilot shows that she is far better qualified than the white male applicant selected. For example, using the FAA's objective merit principle system criteria, Ms. Pilot receives 49 points, while Mr. K.P. receives 30 points.

44. Also, as it relates to **d** above, Ms. Pilot shows that when the "weights" of 10% for objective criteria and 60% for subjective criteria are applied, then Ms. Pilot, despite her superior qualifications for the position, falls below Mr. K.P. in total points.

45. The FAA's non-selection of Ms. Pilot for the permanent MKC ATM position constitutes unlawful discrimination on the basis of race and sex.

46. When the FAA denied Ms. Pilot's application for promotion it did so, in part, because she is an African American female.

47. Defendant acted intentionally, willfully, wantonly, maliciously and/or with reckless indifference to Ms. Pilot's federally protected rights under Title VII when it denied Ms. Pilot the promotion on account of her race and sex.

48. As a direct and proximate cause of Defendant's unlawful actions, Ms. Pilot has suffered and will continue to suffer lost wages and benefits, lost opportunities for career advancement, and emotional distress. She seeks relief as noted below in the Relief Requested section of this Complaint.

### SECOND CAUSE OF ACTION: VIOLATION OF ADEA
### AGE DISCRIMINATION

49. All previous paragraphs are restated here and incorporated herein by reference.

50. The ADEA prohibits employment discrimination based upon age.

51. In *Babb v. Wilkie*, 140 S.Ct. 1168 (2020), the United States Supreme Court addresses a case involving a federal employee complaining about age discrimination. The Supreme Court explains that the federal government is held to a higher standard than state and private employers. *Id.* at 1176-1177. It reminds us that federal personnel management should be implemented consistent with the merit system principle. *Id.* at 1177. In *Babb*, the Supreme Court held that the plain meaning of § 633(a)(a) demands that personnel actions, including promotions and work assignments, be untainted by any consideration of age, and that there is a duty to avoid the taint. *Id.* at 1171-1173. Furthermore, in *Babb*, the Supreme Court held that § 633(a)(a) prohibits any age discrimination in the making of a personnel decision not just with respect to end results. *Id.* at 1172-1176.

52. To establish a *prima facie* case of age discrimination, Ms. Pilot must show:

a) she is over 40 years old – she was born in 1962;

b) she is qualified for the position – she had satisfactorily performed her job duties as Acting MKC ATM for two years at the time she applied for the permanent MKC ATM position and she was deemed "highly qualified" for the permanent MKC ATM position; and

c) the FAA took an adverse action against her – she was not selected for the permanent MKC ATM position.

53. Mr. K.P. is younger than Ms. Pilot and far less qualified for the position.

54. The FAA's non-selection of Ms. Pilot for the permanent MKC ATM position was based, in part, upon her age, and constitutes unlawful discrimination on the basis of age.

55. Defendant acted intentionally, willfully, wantonly, maliciously, with reckless indifference to, and/or reckless disregard of Ms. Pilot's federally protected rights under the ADEA when it denied Ms. Pilot the permanent MKC ATM position on account of her age.

56. As a direct and proximate cause of Defendant's unlawful actions, Ms. Pilot has suffered and will continue to suffer lost wages and benefits, lost opportunities for career advancement, and emotional distress. She seeks relief as noted below in the Relief Requested section of this Complaint.

## THIRD CAUSE OF ACTION: VIOLATION OF TITLE VII AND ADEA RETALIATION

57. All previous paragraphs are restated here and incorporated herein by reference.

58. Title VII and the ADEA prohibit retaliation for filing an EEO complaint alleging employment discrimination.

59. To establish a *prima facie* case of retaliation, Ms. Pilot must show and has shown:

a) she engaged in statutorily protected activity and her employer had actual knowledge of her prior EEO activity – Mr. Needham, the decision making selecting official, was the subject of Ms. Pilot's previous EEO complaint;

b) her employer took a materially adverse employment action against her – Ms. Pilot was not selected for the permanent KMC ATM position despite her superior qualifications; and

c) the protected activity and adverse job action are causally connected – Mr. Needham harbored discriminatory animus as evinced, in part, by him manipulating the selection process, departing from the FAA's required merit principle system of selecting applicants for permanent positions, and changing his evaluation of Ms. Pilot's job performance in her role as Acting KMC ATM, claiming after she filed this EEO complaint that her job performance did not exceed expectations.

60. Ms. Pilot was not selected for the permanent MKC ATM position, in part, because Mr. Needham retaliated against her.

61. Defendant acted intentionally, willfully, wantonly, maliciously, with reckless indifference to, and/or reckless disregard of Ms. Pilot's federally protected rights under Title VII and the ADEA when it denied Ms. Pilot the permanent MKC ATM position in retaliation for Ms. Pilot previously filing an EEO complaint alleging employment discrimination.

62. As a direct and proximate cause of Defendant's unlawful actions, Ms. Pilot has suffered and will continue to suffer lost wages and benefits, lost opportunities for career advancement, and emotional distress. She seeks relief as noted below in the Relief Requested section of this Complaint.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Jacqueline Pilot respectfully requests the Court enter judgment in her favor and against Defendant, and accord her the following relief:

A. Declaration that Defendant's actions violate Title VII and the ADEA;

B. An order precluding Defendant from relying upon, considering, or disseminating the Report of Investigation and Final Agency Decision generated in Defendant's investigation of Ms. Pilot or their contents for any purpose;

C. Payment of economic damages, including but not limited to back pay, front pay, and all the fringe benefits to which she is entitled, plus pre- and post-judgment interest to the extent provided by law;

D. Compensatory damages for her non-economic injuries, including but not limited to harm to her reputation and emotional distress, in an amount deemed just and authorized by law;

E. An award of reasonable attorneys' fees, expert witness fees, and deposition and other costs to reimburse her for fees and costs incurred to pursue her claims against Defendant since she initially filed her EEO complaint, including but not limited to

during the time her complaint was pending before the U.S. Equal Employment Opportunity Commission; and

F. Such other legal and equitable relief deemed just and proper under the circumstances.

**JURY DEMAND**

Ms. Pilot hereby respectfully requests a trial by jury on all the issues in this action that are triable to a jury.

Respectfully submitted this 13th day of February, 2023.

By: *s/Anne T. Sulton*
Anne T. Sulton, Ph.D., J.D.,
*Pro Hac Vice*
Wisconsin Bar # 1010730
Sulton Law Offices
P.O. Box 371335
Milwaukee, WI 53237
Phone: 360.870.6000
Email: annesulton@gmail.com

*Attorney for Plaintiff Jacqueline Pilot*

Local Counsel:

**HOLMAN SCHIAVONE, LLC**

By: */s/ M. Shaun Stallworth*
M. Shaun Stallworth, Mo#60764
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
Email: sstallworth@hslawllc.com

**ATTORNEY FOR PLAINTIFF**